# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PEREGRIN LICENSING LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br><br>　　　　Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Peregrin Licensing LLC ("Peregrin" or "Plaintiff") files this Complaint against Defendant Bank of America Corporation ("Bank of America" or "Defendant") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## THE PARTIES

1. Plaintiff Peregrin Licensing LLC is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Bank of America is a corporation organized and existing under the laws of the state of Delaware, with a place of business at 100 North Tyron Street, Charlotte, North Carolina 28255. Upon information and belief, Defendant may be served with process via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas. Upon information and belief, Defendant, directly or indirectly, participates in the stream of commerce that results in products, including the accused products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas.

6. Upon information and belief, Defendant maintains physical places of business throughout the United States, including in this Judicial District, including but not limited to: 7001 Independence Parkway, Plano, Texas 75025; 2015 Coit Road, Plano, Texas 75075; 7150 Virginia Parkway, McKinney, Texas 75071; and 1851 S. Interstate 35 E., Denton, Texas 76205.

7. Upon information and belief, Defendant offers its products and services throughout Texas, including this Judicial District, by shipping, distributing, offering for sale, selling, and

advertising its products through its website:[1]



8. Upon information and belief, Defendant manages the marketing, sales, and provision of services of its products to customers and/or potential customers located in Texas and in the Eastern District of Texas.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, Defendant has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.

**PATENTS-IN-SUIT**

10. On July 20, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,761,371 (the "'371 Patent") entitled "Analyzing a Credit Counseling Agency." A true and correct copy of the '371 Patent is available at:

---

[1] https://locators.bankofamerica.com/?q=75075

https://pdfpiw.uspto.gov/.piw?Docid=07761371.

11. On November 2, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,827,097 (the "'097 Patent") entitled "System for Transferring an Inbound Communication to One of a Plurality of Credit-Counseling Agencies." A true and correct copy of the '097 Patent is available at: https://pdfpiw.uspto.gov/.piw?Docid=07827097.

12. On June 26, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,209,257 (the "'257 Patent") entitled "System for Transferring an Inbound Communication to One of a Plurality of Credit-Counseling Agencies." A true and correct copy of the '257 Patent is available at: https://pdfpiw.uspto.gov/.piw?Docid=08209257.

13. On May 13, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,725,630 (the "'630 Patent") entitled "Method of Processing a Phone Call." A true and correct copy of the '630 Patent is available at: https://pdfpiw.uspto.gov/.piw?Docid=08725630.

14. On March 12, 2019, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,230,840 (the "'840 Patent") entitled "Method of Using an Apparatus Processing Phone Call Routing." A true and correct copy of the '840 Patent is available at: https://pdfpiw.uspto.gov/.piw?Docid=10230840.

15. Peregrin is the sole and exclusive owner of all right, title, and interest to and in the '371, '097, '257, '630, and '840 Patents (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Peregrin also has the right to recover all damages for past infringement of the Patents-in-Suit as appropriate under the law.

16. Peregrin has at all times complied with the marking provisions of 35 U.S.C. § 287

with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

17. The Patents-in-Suit generally cover systems and methods for aspects of call referral services. The invention described in the Patents-in-Suit was developed by Michael Dennis Morency, the President and CEO of Peregrin, and William John Delinsky, Timothy James Fish, and David Gary Walker. For example, this technology is implemented in interactive voice response ("IVR") systems for referring calls to financial assistance providers, and in particular, credit counseling agencies. Infringing products include IVR systems for referring calls to financial assistance providers and credit counseling agencies, including but not limited to the credit counseling services provided by Defendant or other entities contractually acting on Defendant's behalf (the "Accused Products").

18. Defendant has infringed the Patents-in-Suit by making, using, selling, offering to sell, and/or importing IVR systems that infringe the Patents-in-Suit.

## COUNT I
### (Infringement of the '371 Patent)

19. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. Peregrin has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '371 Patent.

21. Defendant has directly infringed the claims of the '371 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '371 Patent. Such products include but are not limited to IVR systems and methods used by Defendant. On information and belief, infringing

products include the systems and methods provided by Defendant through dialing "1-866-300-5238."

22. For example, Defendant has directly infringed at least claim 1 of the '371 Patent by performing a method of using an IVR system in analyzing a credit counseling agency in the United States.

23. Upon information and belief, Defendant performed a method of automatically capturing with an automatic communication system, which comprises a computer, respective call data corresponding to inbound communications, where the call from a debtor is associated with a creditor by the computer system.  When a caller dials the number, "1-866-300-5238," provided by Bank of America to its customers, the caller is directed to the automatic communication system which instructs the caller to enter an account number.[2]  Alternatively, if the caller enters the "#" symbol twice, the automatic communication system recording plays, instructing the caller about credit counseling agencies and services.  Upon information and belief, Defendant's automatic communication system automatically captures phone number and area code call data.

---

[2] *Webb v. Federated Law Grp., PLLC*, No. 2:17-cv-03603-KM-JBC, Dkt. No. 1 at 14 (D.N.J. May 19, 2017).



24.     Upon information and belief, Defendant performs a method which automatically captures the call data to produce a report which analyzes the credit counseling agency.  Upon information and belief, Defendant captures call data, including the caller's account number and the phone number associated with the caller, which includes the area code of the caller.  The automatic communication system provides at least one of three credit counseling agencies to the caller that are available "to provide services to residents of [caller's] state," including but not limited to, Greenpath Debt Solutions, Money Management International, and Novadebt.

25.     Because of Defendant's infringement of the '371 Patent, Peregrin has suffered damages in an amount to be proved at trial.

## COUNT II
### (Infringement of the '097 Patent)

26.     Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

27. Peregrin has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '097 Patent.

28. Defendant has directly infringed the '097 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of claim 57 of the '097 Patent. Such products include but are not limited to IVR systems and methods used by Defendant. On information and belief, infringing products include the systems and methods provided by Defendant through dialing "1-866-300-5238."[3]



29. For example, Defendant has directly infringed at least claim 57 of the '097 Patent

---

[3] *Webb v. Federated Law Grp., PLLC*, No. 2:17-cv-03603-KM-JBC, Dkt. No. 1 at 14 (D.N.J. May 19, 2017).

by performing a method of using a computer system to refer a telephone communication to one of a plurality of credit counseling agencies based on creditor criteria.

30. Upon information and belief, Defendant performs a method of providing a digital computer having a processor, the processor connected to store and receive signals at a memory device, to receive input signals corresponding to input information from an input device, and to convert output signals into output information at an output device. When a caller dials the number, "1-866-300-5238," provided by Defendant to its customers, the caller is directed to the digital computer. The digital computer has a processor that receives input signals, such as touch tones representing the customer's account number, as well as the customer's phone number. Alternatively, the digital computer can receive input signals, such as the "#" symbol. Upon receiving the input signals, the digital computer converts output signals into output information, such as the automatic communication system recording that plays that instructs the caller about credit counseling agencies and services.

31. Upon information and belief, Defendant performs a method of programming the processor to control the digital computer to receive the input signals and to process the input signals to produce the output signals in storing telephone numbers for a plurality of credit-counseling agencies in memory accessible by said digital computer, to store creditor criteria for selecting at least one of the credit-counseling agencies, to identify a debtor of the creditor in response to a telephone communication, and to select at least one of the credit-counseling agencies by accessing the creditor criteria, applying the creditor criteria, and accessing at least one of the stored telephone numbers so as to connect the debtor to an accessed one of the stored telephone numbers on an outbound communication path. Upon information and belief, when a caller dials the number, "1-866-300-5238," provided to customers by Defendant, the caller is connected to the computer

system and instructed to enter an account number. Alternatively, if the caller enters the "#" symbol twice, the automatic communication system recording plays, instructing the caller about credit counseling agencies and services. Upon information and belief, the digital computer receives the number associated with the caller, including the area code, which corresponds to the state of residence of the caller. The computer system's processor is programmed by Defendant with telephone numbers and contact information for at least three credit counseling agencies, including but not limited to, Greenpath Debt Solutions, Money Management International, and Novadebt. Based on information received from the caller, the processor of the digital computer accesses at least one of the credit counseling agencies based on the creditor criteria and connects the debtor to the credit counseling agency.

32. Because of Defendant's infringement of the '097 Patent, Peregrin has suffered damages in an amount to be proved at trial.

## COUNT III
### (Infringement of the '257 Patent)

33. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

34. Peregrin has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '257 Patent.

35. Defendant has directly infringed the '257 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '257 Patent. For example, Defendant has directly infringed at least claims 1, 2, 5-11, and 14-19 of the '257 Patent by making, using offering to sell, selling, and/or importing into the United States a method of using an IVR system in analyzing a credit counseling agency. On information and belief, infringing products include the systems and

methods provided by Defendant through dialing "1-866-300-5238."[4]



36.     For example, Defendant has directly infringed at least claim 1 of the '257 Patent by performing a method of using a communication referral system to provide a referral for a credit counseling agency to a user.

37.     Upon information and belief, Defendant performs a method which receives, by a communication referral system comprising a computer, an inbound communication from the user. Upon information and belief, the user calls a number, 1-866-300-5238, provided to users by Defendant, which connects the user to the communication referral system. The communication referral system provides a referral to the user for a credit counseling agency.

---

[4] *Webb v. Federated Law Grp., PLLC*, No. 2:17-cv-03603-KM-JBC, Dkt. No. 1 at 14 (D.N.J. May 19, 2017).

38. Upon information and belief, Defendant performs a method which receives an inbound communication from the user and receiving by the communication referral system, user information. The communication referral system receives the user's phone call and instructs the caller to enter the user's account number, which is received by the communication referral system. Upon information and belief, the communication referral system also receives the user's phone number and area code information.

39. Upon information and belief, the Defendant performs a method which based, at least in part, on the received user information, querying, by the system, a memory in applying referral criteria to identify at least one credit-counseling agency. Upon information and belief, based on the user's account number and/or phone number and area code, the system queries a memory and applies referral criteria to identify at least one of Greenpath Debt Solutions, Money Management International, and Novadebt credit-counseling agencies.

40. Upon information and belief, the Defendant performs a method which provides, by the communication referral system, a referral for the user to communicate with said at least one identified financial assistance provider. The communication referral system identifies at least one of three financial assistance providers for the user including, but not limited to, Greenpath Debt Solutions, Money Management International, and Novadebt. The Defendant provides, by the communication referral system, a referral for the identified financial assistance provider including contact information.

41. Because of Defendant's infringement of the '257 Patent, Peregrin has suffered damages in an amount to be proved at trial.

## COUNT IV
**(Infringement of the '630 Patent)**

42. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

43. Peregrin has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '630 Patent.

44. Defendant has directly infringed the '630 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '630 Patent. For example, Defendant has directly infringed at least claims 1, 2, 5-13, 14-21, 23-27, 36-39, and 41 of the '630 Patent by making, using offering to sell, selling, and/or importing into the United States a method of using an IVR system in analyzing a credit counseling agency. On information and belief, infringing products include the systems and methods provided by Defendant through dialing "1-866-300-5238."[5]

---

[5] *Webb v. Federated Law Grp., PLLC*, No. 2:17-cv-03603-KM-JBC, Dkt. No. 1 at 14 (D.N.J. May 19, 2017).



45. For example, Defendant has directly infringed at least claim 36 of the '630 Patent by performing a method of processing a phone call.

46. Upon information and belief, Defendant performs a method which from a trunk interface, receiving an inbound communication from which a number is detected, the number indicative of a location of a caller. Upon information and belief, the caller calls a telephone number provided by Defendant, "1-866-300-5238." Upon information and belief, Defendant's trunk interface detects a number including the area code of the inbound communication, indicative of the location of the caller. Upon information and belief, the trunk interface detects the caller's account number when entered by the caller.

47. Upon information and belief, the Defendant performs a method which, by a digital electric computer system comprising a memory storing phone numbers for a plurality of credit

counseling services, querying the memory by using the detected number to select at least three phone numbers for credit counseling services associated with the location of the caller and outputting a sequence of the phone numbers automatically selected for the credit counseling services associated with the location of the caller. Upon information and belief, Defendant's digital electric computer system stores phone numbers for at least Greenpath Debt Solutions, Money Management International, and Novadebt credit counseling services. Upon information and belief, when the caller enters an account number, the digital electric computer system identifies at least the three phone numbers of Greenpath Debt Solutions, Money Management International, and Novadebt, which are associated with the location of the caller.

48. Because of Defendant's infringement of the '630 Patent, Peregrin has suffered damages in an amount to be proved at trial.

## COUNT V
### (Infringement of the '840 Patent)

49. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

50. Peregrin has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '840 Patent.

51. Defendant has directly infringed the '840 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '840 Patent. For example, Defendant has directly infringed at least claim 1 of the '840 Patent by making, using offering to sell, selling, and/or importing into the United States a method of using an IVR system in analyzing a credit counseling agency. On information and belief, infringing products include the systems and methods provided by

Defendant through dialing "1-866-300-5238."[6]



52.  For example, Defendant has directly infringed at least claim 1 of the '840 Patent by performing a method for each of a plurality of phone calls.

53.  Upon information and belief, Defendant performs a method including receiving an inbound phone call from a caller, the inbound phone call received from a trunk interface at an apparatus.  Defendant provides a telephone number, "1-866-300-5238," which, when called, the Defendant receives from a trunk interface at an apparatus, the inbound phone call from the caller.

54.  Defendant performs a method which provides, by the apparatus, interactive voice responsiveness that includes playing a recorded message to the caller.  The apparatus plays a

---

[6] *Webb v. Federated Law Grp., PLLC*, No. 2:17-cv-03603-KM-JBC, Dkt. No. 1 at 14 (D.N.J. May 19, 2017).

recorded message to the caller stating: "Please say or enter the customer's account number" and "to hear contact information of agencies that can provide counseling in other languages press pound, otherwise to continue say I'm ready or press one."

55. Defendant performs a method including receiving, at the apparatus, a number associated with the phone call, the number indicative of a location of the caller. The caller is instructed to enter an account number when the caller calls the phone number provided by Defendant, the account number being received by the interactive voice response apparatus. Upon information and belief, the location of the caller is based on the account number entered by the caller. Upon information and belief, the interactive voice apparatus receives a number including the phone number and area code associated with the inbound communication, which is also indicative of the location of the caller.

56. Upon information and belief, the Defendant performs a method which applies, by the apparatus, the number indicative of the caller location in a query to a memory to obtain data indicative of a service location for at least one of a plurality of services. Upon information and belief, the apparatus queries a memory containing call referral data for each of, at least, Greenpath Debt Solutions, Money Management International, and Novadebt, and obtains data for at least one of the services associated with the location of the caller.

57. Upon information and belief, the Defendant performs a method by the apparatus which routes the inbound phone call to one of the plurality of services, responsive at least in part to the number indicative of the location of the caller and data indicative of the service location. The apparatus of Defendant routes the caller to one of Greenpath Debt Solutions, Money Management International, and Novadebt.

58. Because of Defendant's infringement of the '840 Patent, Peregrin has suffered damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Peregrin prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant infringes one or more claims of each of the Patents-in-Suit;

b. An order awarding damages sufficient to compensate Peregrin for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

c. Enhanced damages pursuant to 35 U.S.C. § 284;

d. Entry of judgment declaring that this case is exceptional and awarding Peregrin its costs and reasonable attorney fees under 35 U.S.C. § 285;

e. An accounting for acts of infringement;

f. Such other equitable relief which may be requested and to which Plaintiff is entitled; and

g. Such other and further relief as the Court deems just and proper.

Dated:  July 15, 2021                                   Respectfully submitted,

                                                        /s/ Alfred R. Fabricant
                                                        Alfred R. Fabricant
                                                        NY Bar No. 2219392
                                                        Email: ffabricant@fabricantllp.com
                                                        Peter Lambrianakos
                                                        NY Bar No. 2894392
                                                        Email: plambrianakos@fabricantllp.com
                                                        Vincent J. Rubino, III

NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas State Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
PEREGRIN LICENSING LLC***